# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| **WILLIE MAE JACKSON,** on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06-2249 |
| **NOVASTAR MORTGAGE, INC.,** | ) ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION
## AND
## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

On August 15, 2007, the defendant, Novastar Mortgage, Inc., ("Novastar" or "Defendant"), filed a motion to dismiss the complaint. (D.E. #6). In that complaint, the plaintiff, Ms. Willie Mae Jackson ("Ms. Jackson" or "Plaintiff"), asserts that the defendant engaged in and continues to engage in racially discriminatory conduct by targeting minority borrowers via radio advertisements on gospel radio stations with predominantly African-American listeners. Specifically, Ms. Jackson alleges that Novastar offered and continues to offer minority subprime borrowers loans that include higher terms, costs, and interest rates than similarly situated non-minority borrowers in violation of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981 and 1982, the Fair Housing Act, 42 U.S.C. § 3605, and the Equal Credit Opportunity Act, 15 U.S.C. § 1691. Novastar seeks to dismiss Ms. Jackson's complaint on several bases: (1) lack of standing to bring her claim; (2) failure to join Worldwide Mortgage Corporation("Worldwide") as a party pursuant to Fed. R. Civ. P. 19; (3) her complaint

1

is barred by her prior bankruptcy; (4) her complaint is barred by the applicable statutes of limitation; (5) failure to plead her claims under Rule 8 of the Federal Rules of Civil Procedure; and (6) her complaint is barred by the voluntary payment doctrine.

On September 27, 2007, this Court issued an order denying the defendant's motion to dismiss. (D.E. #33.) In this Order, the Court stated that it would subsequently issue a full memorandum explaining the Court's findings. Before the Court issued its Memorandum, the defendant submitted a motion to reconsider (D.E. #35), asserting that the Court based its prior order denying its motion to dismiss on the "no set of facts" standard found in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), which the Supreme Court recently overruled in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1969 (2007). Although Novastar is correct in its statement of the appropriate legal standard, this Court denied the motion to reconsider, finding that it was not supported by good cause. (D.E. #38.) This Court will now set forth in this memorandum opinion its rationale for denying Defendant's motions.

## I. FACTUAL ALLEGATIONS[1]

The plaintiff, Ms. Willie Mae Jackson, is a sixty-one-year-old African-American woman who never completed her high school education. Ms. Jackson heard advertisements on a local gospel radio station whose listeners are predominantly African-American. These advertisements claimed that people could call and "consolidate bills," have "cash in your pocket," and get "easy money." Ms. Jackson contacted the phone number announced in the advertisement and was solicited both by telephone and in person by mortgage brokers with Worldwide. Ms. Jackson explained to the representative that she was only interested in obtaining a loan to consolidate her credit card bills.

---

[1] For present purposes only, the facts indicated in the complaint, motions, and evidence submitted to the Court are construed as true.

Subsequently, Ms. Jackson was contacted by a Worldwide representative who stated that she had been approved for the loan and that she should come in for a closing appointment. The mortgage broker never informed Ms. Jackson about the total amount of the loan, the interest rate, or the closing costs. At the closing on April 30, 2003, Ms. Jackson was simply instructed to sign the documents. No one explained the terms of the loan to Ms. Jackson. At the closing Ms. Jackson signed a Notice of Assignment, Sale or Transferring of Service Rights. The document informed Ms. Jackson that her loan was being sold or transferred to Novastar. The promissory note that Ms. Jackson signed with Worldwide at the closing indicated a payment address of P.O. Box 808911, Kansas City, MO 64184-8911, which is actually the address for Novastar, not Worldwide.

Prior to signing the present loan, Ms. Jackson owed approximately $49,000.00 in two mortgages on her home—the first to Fairbanks Capital for approximately $35,000.00, and the second to ASC in the amount of $14,000.00. The total of Ms. Jackson's new loan, however, was $99,450.00. Although this amount covered the two home mortgages and $23,937.23 in other settlement charges, Ms. Jackson subsequently received an unrequested disbursement in the amount of $25,999.23.

Upon informing Novastar that she never asked for these additional funds, Ms. Jackson was informed that, pursuant to her mortgage terms, she could not simply return the funds. Instead, Ms. Jackson was told that she would have to submit the excess funds as an additional principal payment. Ms. Jackson returned the funds to Novastar, but she incurred substantial penalties under the loan's pre-payment penalty provision. Afterwards, Ms. Jackson received another check payable to Providian Financial ("Providian") in the amount of $2,208.00. When Ms. Jackson attempted to return this check, explaining to Novastar that she did not have debt with Providian, Novastar advised

3

her that, because Providian was listed on the "additional disbursements exhibit" of the original loan, she could not return the check to Novastar and the funds would not be credited to her loan balance. As Ms. Jackson later discovered, the terms of her loan with Novastar included a 9.67% interest rate on a thirty-year loan with a pre-payment penalty period of five years. Under this payment plan, Ms. Jackson will pay off her loan when she is eighty-eight years of age.

In her complaint, Ms. Jackson alleges that Novastar engaged and continues to engage in racially discriminatory conduct by targeting undereducated minorities and providing subprime loans to them with interest rates and terms dissimilar to those provided to similarly situated non-minority borrowers. Ms. Jackson argues that Novastar was the primary actor throughout the loan process and that Worldwide operated as Novastar's agent in this regard. Ms. Jackson further alleges that Novastar used a technique called interest-rate steering, a process of setting rates based on the perceived financial sophistication of the borrower rather than the risk of extending the loan, to achieve its alleged discriminatory goals. Ms. Jackson also alleges that Novastar and its brokers sought high yield-spread premiums, which is the difference between the interest rate the lender would accept for the loan and the interest rate that the borrower is actually charged. It is Ms. Jackson's position that the lucrative financial incentives in yield-spread premiums encourage lenders and brokers to target financially disadvantaged and unsophisticated minorities and bind them to loans with higher interest rates than similarly situated non-minority borrowers. Further, Ms. Jackson asserts that she had no knowledge of Novastar's alleged discriminatory conduct until immediately prior to bringing her claim.

## II. LEGAL STANDARD

**A. Motion to Dismiss**

A defendant may bring a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). This motion only tests whether the plaintiff has pleaded a cognizable claim. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Essentially, it allows the court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. See, e.g., Nietzke v. Williams, 490 U.S. 319, 326-27 (1989).

To determine whether a motion to dismiss should be granted, the court must examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and it must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957); Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). While a complaint need not present detailed factual allegations, to be cognizable it must provide more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Twombly, 127 S.Ct. at 1959; see also Scheid, 859 F.2d at 436-37. A complaint must have a factual foundation, and the mere possibility that a plaintiff might later establish some set of undisclosed facts to support recovery is insufficient to survive a 12(b)(6) challenge. Twombly, 127 S.Ct. at 1968.

In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. Nietzke, 490 U.S. at 326-27 ("Rule 12(b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations."); Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. Sinay v.

Lamson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991). However, only well-pleaded facts must be taken as true, and the court need not accept legal conclusions or unwarranted factual inferences. Lewis v. ACB Bus. Servs., Inc.,135 F.3d 389, 405-06 (6th Cir. 1998). When a complaint does adequately state a claim, it may not be dismissed based on the court's "assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Twombly, 127 S.Ct. at 1969.

### B. Motion to Reconsider

This Court may revise a previous order under Rule 54(b) of the Federal Rules of Civil Procedure, which provides as follows:

> [A]ny order or other form of decision, however designated, which adjudicates fewer than all of the claims . . . shall not terminate the action . . . and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Id. In reviewing a motion for revision under Rule 54(b), courts generally apply the same standards applicable to a Rule 59(e) motion for reconsideration, which is only granted for one of three reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence or a change in controlling law; or (3) to prevent manifest injustice. Gencorp, Inc. v. Am. Int'l Underwiters, 178 F.3d 804, 834 (6th Cir. 1999); Al-Sadoon v. FISI*Madison Fin. Corp., 188 F. Supp. 2d 899, 901-02 (M.D. Tenn. 2002). In that the Court did not apply the prevailing standard for analysis, the Court grants the motion for reconsideration to correct an error of law.

## III. ANALYSIS

### A. Standing

First, Defendant asserts that Plaintiff lacks standing because Novastar did not cause her injury. In order to have proper standing, the Sixth Circuit does not require direct contact between
6

a plaintiff and a defendant. Smith v. City of Cleveland Heights, 760 F.2d 720, 721 (6th Cir. 1985). Rather, all that is required is that the plaintiff's "injuries fairly can be traced to the challenged action." Valley Forge Christian Coll. v. Am. United for Separ. of Church & State, Inc., 454 U.S. 464, 472 (1982).

Here, Ms. Jackson alleges that Worldwide operated as Novastar's agent for purposes of obtaining mortgages for the latter and that Novastar is the "unseen hand" orchestrating the discriminatory conduct. On the other hand, Novastar alleges that Worldwide's conduct is not traceable to Novastar because Worldwide is merely an independent contractor. To support this assertion, Novastar points to the language of its Correspondent Agreement with Worldwide, in which the parties state that Worldwide is an independent contractor who shall determine the method, details, and means of performing all services described in the agreement.

The parties' characterization in an agreement is not dispositive of the existence of an agency relationship. Restatement (Third) of Agency § 1.02. The determination of an agency relationship, rather, is found "after an assessment of the facts of the relationship." Id. at cmt. a. At the closing, Ms. Jackson was informed by Worldwide that her loan was being transferred to Novastar. Further, Ms. Jackson was directed to send payments to a specific address listed in the promissory note, which is a payment address listed on Novastar's website. Therefore, it is difficult for Novastar to argue that it acquired the loan one month subsequent to the closing when Ms. Jackson was required to send payments to Novastar from the very beginning. Thus, it is possible that under these facts an agency relationship could be found to exist despite the parties' agreement to the contrary. Because Ms. Jackson's pleading in this regard is sufficient to satisfy the "facially plausible" standard set forth in Twombly, the Court declines to dismiss Ms. Jackson's claim on this basis.

### B. Failure to Join Under Fed. R. Civ. P. 19(a)

Next, Novastar argues that Ms. Jackson's complaint should be dismissed for failure to join Worldwide pursuant to Rule 19(a).[2] Novastar asserts that such a failure may result in an unsatisfactory recovery or mixed results if Ms. Jackson's claim were brought before the bankruptcy court pursuant to Worldwide's bankruptcy. It is settled law, however, that a party's status as a joint tortfeasor does not make that person necessary or indispensable. PaineWebber, Inc. v. Cohen, 276 F.3d 197, 204-05 (6th Cir. 2001); see also Temple v. Synthes Corp., 498 U.S. 5, 7-8 (1990) (per curiam) ("[I]t is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."). Ms. Jackson alleges that Novastar directed Worldwide's actions during the formation and closing of the mortgage. Ms. Jackson further alleges that Novastar's actions of both targeting minority subprime borrowers via radio advertisements on predominantly African-American radio stations and utilizing interest-rate steering and yield-spread premiums are discriminatory in nature and, therefore, that Novastar is the tortfeasor. Accordingly, Plaintiff's allegations are sufficient to survive a motion to dismiss for improper joinder.

---

[2] Rule 19(a) of the Federal Rules of Civil Procedure reads as follows:

> Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Fed. R. Civ. P. 19(a).

**C. Plaintiff's Bankruptcy**

Next, Novastar asserts that Ms. Jackson's claim is barred by *res judicata* and judicial estoppel because she did not disclose any potential claim against Novastar in her Chapter 7 bankruptcy petition on July 26, 2004. Plaintiff claims that these doctrines are inapplicable in this matter because she did not know nor should she have known of her discrimination claims against Novastar when she filed her bankruptcy petition. This Court has previously addressed whether these doctrines bar a plaintiff from subsequent claims and found that they did not apply to a plaintiff who did not know of her claims at the time of filing bankruptcy. Willingham v. Novastar Mortgage, Inc., No. 04-2391 at 9-10 (W.D.Tenn. Feb. 7, 2006) (Chapter 13 bankruptcy).

*1. Judicial Estoppel*

Under the doctrine of judicial estoppel, the Court may impose an equitable remedy that precludes a party from asserting a position contrary to one that the party asserted under oath in a prior proceeding, where the court adopted the contrary position. Teledyne Indus., Inc. v. NRLB, 911 F.2d 1214, 1217 (6t Cir. 1990). The Sixth Circuit has additionally stated that judicial estoppel is not compulsory and should be "applied with caution to avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement." Eubanks v. CBSK Fin. Group, Inc., 385 F.3d 894, 899 (6t Cir. 2004) (internal citations omitted).

In the present case, as in Willingham, Ms. Jackson did not list any claim against Novastar in her bankruptcy petition. Furthermore, in her pleadings in this case, which this Court accepts as true for purposes of this motion, Ms. Jackson claims that she did not know of any claims against Novastar until after her bankruptcy petition. These facts alone convince this Court that the equitable

9

remedy of judicial estoppel should not apply to Ms. Jackson.

Furthermore, Plaintiff has less than a high school education and is not expected to have understood that a civil action may be an asset. This Court has previously determined that "an unsophisticated debtor may not fully understand what information is being requested . . . ." Carr v. Home Tech Services Co., No. 03-2569, 2005 WL 2699209, at *3 (W.D.Tenn. Oct. 12, 2005). This Court has likewise held that claims which "may not be recognizable to lay persons" should not be barred by the application of judicial estoppel. Thus, in addition to accepting Ms. Jackson's assertion that she did not know of the claims at the time of her bankruptcy petition, this Court finds that, even if she had known of unsavory practices, a lay plaintiff is not held to such a stringent standard as to recognize that such claims must be included in a bankruptcy petition. This is particularly true under the Sixth Circuit's requirement that a court should consider mistake, inadvertence, and the absence of bad faith in determining when judicial estoppel should apply. Browning v. Levy, 283 F.3d 761, 775 (6th Cir. 2002); see also Eubanks, 385 F.3d at 895. Therefore, this Court declines to dismiss Ms. Jackson's claims on the basis of judicial estoppel.

## 2. *Res Judicata*

Additionally, Novastar contends that Plaintiff's claims are barred by *res judicata* because she cannot relitigate issues that were raised or could have been raised in previous proceedings. Plaintiff responds that, because she had no knowledge of the claims against Novastar, claim preclusion should not apply to her case.

Under this doctrine, if the later litigation arises from the same cause of action, then the judgment bars litigation not only of every matter which was actually offered but also of every claim which might have been presented. Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 319 (1927).

However, the same issue precluding a finding as to judicial estoppel has been held to bar a finding as to res judicata because the analysis depends upon "at what point, prior, during, or after the bankruptcy proceedings" did the plaintiff know of the claims. SAS Institute, Inc. v. Practicing Smarter, Inc., No. 1:03CV01063, 2006 WL 1888565, at *4 n.1 (M.D.N.C. July 6, 2006). Once again, this Court must take as true that Plaintiff did not know of claims against Novastar upon the filing of her bankruptcy petition. Thus, this Court finds that *res judicata* should not preclude Ms. Jackson's claims and denies to dismiss them on this basis.

### D. Applicable Statute of Limitation

Next, Novastar argues that Ms. Jackson's claim accrued on or around April 30, 2003—the closing date of the loan—and that the claim is barred by the applicable statute of limitations. The statute of limitations period begins to run once an action has accrued. Lindsey v. Allstate Ins. Co., 34 F. Supp. 2d 636, 643 (W.D. Tenn. 1999). In discrimination cases, an action does not accrue until the plaintiff knew or had reason to know that the defendant's actions were discriminatory. Tolbert v. State of Ohio Dep't of Transp., 172 F.3d 934, 939 (6th Cir. 1999).

In the present case, Ms. Jackson alleges in her complaint that she did not know, nor did she have reason to know, of Novastar's alleged discriminatory conduct until immediately prior to bringing her claim. Ms. Jackson states that she had no prior knowledge that Novastar engaged in a scheme of targeting undereducated minorities or in offering loans to minorities on terms dissimilar to similarly situated subprime borrowers. Further, Ms. Jackson asserts that she did not know until that time that Novastar engaged in interest-rate steering or that it offered brokers incentives for high yield spread premiums.

A continuing violation occurs when the defendant maintains a "continuing overarching

11

policy of discrimination" and such actions continue into the limitations period. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003). It is Ms. Jackson's position that this claim, which includes all others "similarly situated," involves the continued alleged targeting and exploitation of minorities pursuant to Novastar's lending policies. Therefore, Ms. Jackson contends that each new loan and each loan payment paid by an affected minority borrower constitutes a continuing violation. A motion to dismiss is decided on the sufficiency of the pleadings only. Because Ms. Jackson's pleadings are sufficient to survive the facially plausible standard, the Court declines to dismiss Ms. Jackson's claim on this basis.

**E. Rule 8 Pleading**

It is well-established that claims for discrimination need only survive the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002). In particular, Rule 8(a) requires that the party provide (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). Although Novastar is correct in stating that the Supreme Court has recently rejected the "no set of facts" doctrine established in Conley, the Court in Twombly also stated that "the Court is not requiring heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. Further, the Court in Twombly stated that "[a]sking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence"on the issue before the court. Id. at

1965 (emphasis added). Only in narrow circumstances must a party plead with particularity. See Fed. R. Civ. P. 9(a)-(h). As set forth herein, Ms. Jackson has plead facts sufficient to survive the Defendant's motion to dismiss.

**1. Racial Discrimination Under 42 U.S.C. § § 1981 & 1982**

Under Section 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a). Section 1982 states that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982.

Under the facts before the court, Ms. Jackson has plausibly stated her claim and has raised a reasonable expectation that evidence of the alleged discriminatory conduct may be found during discovery. According to Ms. Jackson's complaint, Novastar intentionally discriminated and continues to discriminate against minority subprime borrowers by offering loans on less favorable conditions than offered to similarly situated non-minority borrowers. Further she alleges that Novastar accomplishes this by targeting minority borrowers via radio advertisements on gospel radio stations whose listeners are predominantly African-American. Additionally, Ms. Jackson alleges that Novastar discriminated and continues to discriminate against these targeted minority sub-prime borrowers by offering lucrative yield-spread premiums to mortgage brokers. She alleges that this practice encourages brokers to seek the highest interest rate possible, to charge excessive fees and

closing costs, and to bind minority borrowers to interest rates higher than similarly situated non-minority borrowers. Ms. Jackson alleges that the terms of her agreement illustrate Novastar's practices: (1) a 9.67% interest rate with a five-year pre-payment penalty; (2) Novastar's failure to explain terms; (3) Novastar's instructions to sign without disclosure of terms; (4) Novastar's refusal to accept her return of overpayment without applying as principal payment subject to penalties; and (5) Novastar's subsequent refusal to accept return of payment to Providian.

Twombly only requires that the pleading is plausible on its face, not that the allegations therein are probable. Twombly, 127 S. Ct. at 1974, 1965. As stated previously, when a complaint does adequately state a claim, it may not be dismissed based on the court's assessment that the plaintiff will fail to find evidentiary support for her allegations or prove her claim to the satisfaction of the factfinder. Twombly, 127 S. Ct. at 1969. Because Ms. Jackson has satisfied the facially plausible standard of Twombly and is not required to plead with particularly, the allegations in Ms. Jackson's complaint are sufficient to survive Novastar's motion to dismiss on these grounds.

### 2. Violation of Fair Housing Act § 3605

Under Section 3605 of the Fair Housing Act, it shall be unlawful for any person or other entity whose business includes engaging in residential real estate transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race. 42 U.S.C. § 3605. In her complaint, Ms. Jackson alleges that Novastar engaged and continues to engage in discriminatory conduct in violation of Section 3605. Ms. Jackson alleges that Novastar, as a home mortgage lender, has discriminated and continues to discriminate against minority subprime borrowers by targeting them via directed advertisements in such venues as gospel radio stations, offering "easy money" and "cash in your pocket," and utilizes interest-rate steering

and yield-spread premium incentives in an attempt to take advantage of such borrowers and bind them to terms with higher costs, fees, and interest rates than similarly situated non-minority subprime borrowers. In light of Ms. Jackson's allegations and the facts of the present case, the Court holds that Ms. Jackson has met the facially plausible standard of Twombly. Accordingly, this Court declines to dismiss Ms. Jackson's claim on this basis.

### 3. Violation of Equal Credit Opportunity Act § 1691(a)

Under the Equal Credit Opportunity Act, it shall be unlawful for any creditor to discriminate against any applicant with respect to any aspect of a credit transaction on the basis of race, color, or national origin. 15 U.S.C. § 1691(a). This prohibition is not limited to the final transaction, but rather, it applies to any aspect of the transaction. See id. In addition, a creditor includes any assignee of an original creditor who participates in the decision to extend, renew, or continue credit. Id. at §1691a(e). Assignees may be liable even if they have influenced individual credit decisions. 68 F.R. 13144 at 13145.

Under the facts of the present case, it is clear that Ms. Jackson's pleadings are sufficient to survive a facially plausible analysis in this regard. It is undisputed that Novastar acquired the mortgage as an assignee pursuant to Worldwide's transfer of the loan. Ms. Jackson argues that Novastar's alleged discriminatory conduct was an influential factor in the decision to extend credit to her because Novastar targeted minority sub-prime borrowers via advertisements, engaged in interest-rate steering and yield-spread premium incentives that disparately affected minority borrowers over non-minority borrowers, and extended credit to minority borrowers on terms higher than similarly situated non-minority subprime borrowers. Accordingly, the Court declines to dismiss Ms. Jackson's complaint on this basis.

**F. Voluntary Payment**

Next, Novastar argues that Ms. Jackson's complaint should be dismissed pursuant to the voluntary payment doctrine because Ms. Jackson accepted the terms of the loan and paid the associated fees and costs. The voluntary payment doctrine bars recovery where a party makes a voluntary payment with knowledge of all relevant facts and then sues to recover that payment regardless of any initial legal liability. Pratt v. Smart Corp., 968 S.W.2d 868, 872 (Tenn. Ct. App. 1998). The doctrine is inapplicable, however, when the defendant is alleged to have violated a statutorily defined public policy. Id.

Under the facts before the Court, Novastar's argument fails for two reasons. First, as Ms. Jackson alleges in her complaint, it is unclear whether Ms. Jackson had knowledge of all relevant facts. It is altogether plausible that Ms. Jackson would have considered any alleged inequality in loan terms between minority and non-minority borrowers as materially relevant to her decision to secure a loan. Second, the voluntary payment doctrine cannot stand in the present circumstances because Ms. Jackson alleges that Novastar engaged and continues to engage in racial discrimination against minority borrowers in its mortgages. This Court finds that such actions would be a clear a violation of the statutorily defined public policy against racial discrimination that pervades Sections 1981 and 1982. Accordingly, the Court declines to dismiss Ms. Jackson's complaint on this basis.

**IV. CONCLUSION**

Because of the error of law in the original order, the Court grants Defendant's Motion for Reconsideration. (D.E. #38). After a further review of the case under the Twombly standard, and for the reasons set forth herein, the Court denies Defendant's Motion to Dismiss. (D.E. #33).

IT IS SO ORDERED this 20th day of December, 2007.

>
> s/ Bernice Bouie Donald
> BERNICE BOUIE DONALD
> UNITED STATES DISTRICT JUDGE